13-1683-cv
Wager v. Littell.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges*.

----------------------------------------------------------------------

MONIQUE WAGER, individually and as heir at law of SAUL DHARIEN,

                    *Plaintiff-Appellant*,

              v.                                    No. 13-1683-cv

JONATHAN LITTELL, HARPER IMPRINT OF HARPER COLLINS PUBLISHERS LTD.,

                    *Defendants-Appellees*.

----------------------------------------------------------------------

APPEARING FOR APPELLANT:     EDDIE ZYBER ZYKO, ESQ., Middlebury, Connecticut.

APPEARING FOR APPELLEES:     KATHERINE M. BOLGER, Levine, Sullivan, Koch & Schulz, LLP, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 26, 2013, is AFFIRMED.

Plaintiff Monique Wager, as heir of her son Saul Dharien, appeals from the dismissal of a copyright infringement action against defendants Jonathan Littell and Harper Imprint of Harper Collins Publishers LTD. for failure to state a claim upon which relief can be granted. We review such a dismissal de novo, see Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 61 (2d Cir. 2010), and we will affirm only if plaintiff failed to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Upon independent review of the record, we conclude, largely for the reasons stated by the district court, that Wager failed to satisfy her pleading burden, even under the more liberal pleading standard afforded to pro se litigants. See Brownwell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006).[1] We assume the

---

[1] Wager pursued her claim pro se in the district court but is represented by counsel on this appeal.

parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

To plead copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) unauthorized copying of the copyrighted work. See Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012). To allege that a work was copied, a plaintiff must allege "both that his work was actually copied and that the portion copied amounts to an improper or unlawful appropriation." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003) (internal quotation marks omitted). Where direct evidence is unavailable, copying may be pleaded by reference to circumstances showing that the works are substantially similar and that defendants had "a reasonable opportunity to view" the copyrighted work. Id. at 51, 54–55 (internal quotation marks omitted).

Like the district court, we conclude that Wager failed plausibly to plead such a reasonable possibility of defendants' access to the Dharien work. Insofar as Wager alleges that Dharien loaned his manuscript to "Paul," "Jacques," and "April," three persons who are not further identified, she pleads no contacts or connections between these persons and defendants. Meanwhile, her allegation that Littell may have seen Dharien's manuscript when the men lived at some distance from each other in Spain because Dharien frequently traveled to various cities to meet local writers is too speculative plausibly to state a reasonable opportunity to view. See Gaste v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir. 1988) (stating that "[a]ccess must be more than a bare possibility and may not be

3

inferred through speculation or conjecture"). Similarly speculative, and therefore inadequate, is Wager's allegation that, because Dharien's manuscript was stored on-line, defendants could have gained access by hacking his account.

Access can nevertheless be inferred where "two works are so strikingly similar as to preclude the possibility of independent creation." Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997) (internal quotation marks omitted; emphasis added). While similarity is often a question of fact for a jury, we have held that the issue can be decided as a matter of law, even at the pleading stage, by examining the four corners of the complaint together with the works themselves when "no reasonable jury, properly instructed, could find that the two works" are strikingly similar. Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d at 63–64. This is because "no discovery or fact-finding is typically necessary"; the court can inspect the works directly to determine if there is a plausible claim of striking similarity. Id. at 64; see also id. (stating that "[i]n copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings" (internal quotation marks and citations omitted)).

Having reviewed both works at issue and paying special attention to the similarities Wager specifically alleges, we conclude, as a matter of law, that the works do not admit a jury finding of striking similarity. As the district court correctly observed, the two fictional works are set in World War II and focus on the Holocaust and its tragic

4

consequences.  Plainly, no author can claim a copyright in such historical themes or in public source material relating to them.  The fact that the works occasionally have brief common references, for example, to a Nazi proposal to relocate Jews to Madagascar, or to Hitler disguised as a rabbi, is insufficient to plead substantial similarity, much less the striking similarity required to support a plausible inference of access.

We have considered Wager's remaining arguments and reject them as without merit.  Accordingly, the judgment of the district court is AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>